**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GUSTAVO GUILLERMO GUTIERREZ,** #08065-509 | § § § § | |
| **Movant,** | § § | **SA-22-CV-1228-JKP** **SA-20-CR-440-JKP-1** |
| **v.** | § § § | |
| **UNITED STATES OF AMERICA,** | § § | |
| **Respondent.** | § § | |

## ORDER

Before the Court is Movant Gustavo Guillermo Gutierrez's *pro se* Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence challenging the sentence imposed following his conviction for illegal re-entry into the United States (ECF No. 41) and the Government's Response in opposition thereto. (ECF No. 43). For the following reasons, the § 2255 Motion is **DENIED**.

## BACKGROUND[1]

On April 4, 2013, Gutierrez was convicted of the felony offense of harassment of a public servant in the 216th Judicial District Court of Kendall County, Texas, and sentenced to five years of deferred probation. (ECF No. 26 at ¶ 29). His probation was revoked on March 5, 2015, and he was sentenced to two years of imprisonment. (*Id.*). On July 31, 2015, Gutierrez was released from the Texas Department of Criminal Justice (TDCJ). (*Id.*).

---

[1] The factual background is derived from the factual basis in support of the guilty plea and the Pre-Sentence Report (PSR). (ECF Nos. 36 & 26).

1

Gutierrez was removed from the United States on September 25, 2015. (*Id.* at ¶ 7). He was removed again on or about January 26, 2018. (*Id.* at ¶ 5). On August 16, 2018, Gutierrez was arrested on charges of driving while intoxicated (DWI), evading arrest, and harassment of a public servant. (*Id.* at ¶ 34). On August 18, 2018, Immigration and Customs Enforcement encountered Gutierrez at the Bexar County Jail following his arrest. (*Id.* at ¶ 4). After determining that Gutierrez was a foreign-born national, authorities lodged a detainer against him with the Huntsville State Jail. (*Id.*).

On December 4, 2018, Gutierrez was convicted in the 144th Judicial District Court in San Antonio, Texas, of felony DWI in Case No. 2018-CR-11589 and harassment of a public servant in Case No. 2018-CR-11590 and sentenced to three years of imprisonment. (*Id.* at ¶¶ 34-35). On September 10, 2020, Gutierrez was released from TDCJ and transferred to immigration authorities. (*Id.* at ¶ 5).

On September 23, 2020, a federal grand jury returned a one-count Indictment charging Gutierrez with illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a) & (b)(1). (ECF No. 10). Section 1326(a) provides that:

> Subject to subsection (b), any alien who—
>
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
>
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under title 18, or imprisoned not more than 2 years, or both.

Section 1326(b) provides, in relevant part: "Notwithstanding subsection (a), in the case of any alien described in such subsection—(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under title 18, imprisoned not more than 10 years, or both."

The Indictment alleged that, on or about August 18, 2018, Gutierrez, an alien, attempted to enter, entered, and was found in the United States having previously been denied admission, excluded, deported, and removed from the United States on or about January 26, 2018, and that Gutierrez had not received consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326(a) & (b)(1). (ECF No. 10).

On the same date, the Government filed a Notice of Penalty Enhancement pursuant to § 1326(b)(1), notifying Gutierrez of its intent to offer proof that the deportation alleged in the Indictment was subsequent to Gutierrez's 2015 conviction for the felony offense of harassment of a public servant. (ECF No. 13). The Notice further warned Gutierrez of the enhanced ten-year maximum term of imprisonment.

 The Magistrate Judge appointed Assistant Federal Public Defender Angela Saad Lindsey to represent Gutierrez. (ECF Nos. 5 & 7). On January 8, 2021, Gutierrez pleaded guilty to the Indictment without the benefit of a plea agreement. (ECF No. 23).

Thereafter, a United States probation officer prepared a PSR. (ECF No. 26). The PSR arrived at a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a). (*Id.* at ¶ 12). The PSR further applied an eight-level upward adjustment pursuant to § 2L1.2(b)(2)(B), which provides that, if before the defendant was deported or ordered removed for the first time the defendant engaged in

criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was two years or more, increase by eight levels. (*Id.* at ¶ 13). The PSR added eight levels based on Gutierrez's prior felony conviction for harassment of a public servant. (*Id.*).

The PSR further applied an eight-level upward adjustment pursuant to § 2L1.2(b)(3)(B), which provides that, if after the defendant was deported for the first time the defendant engaged in criminal conduct that resulted in a conviction for a felony offense for which the sentence imposed was two years or more, increase by eight levels. (*Id.* at ¶ 14). The PSR added eight levels based on Gutierrez's prior felony conviction for DWI. (*Id.*).

The PSR arrived at an adjusted offense level of 24. (*Id.* at ¶ 18). After applying a total three-level downward adjustment for acceptance of responsibility pursuant to § 3E1.1(a) & (b), the PSR arrived at a total offense level of 21. (*Id.* at ¶¶ 20-22). Gutierrez faced a statutory maximum term of imprisonment of ten years. (*Id.* at ¶ 54). Based upon a total offense level of 21 and a criminal history category of VI, Gutierrez faced a Sentencing Guidelines imprisonment range of 77 months to 96 months. (*Id.* at ¶ 55).

Counsel filed a sentencing memorandum seeking a sentence of 24 months of imprisonment, which counsel argued was sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a). (ECF No. 29). In the memorandum, counsel argued *inter alia* that the time Gutierrez served in state custody provides grounds for a departure under the Guidelines. (*Id.* at 4). Counsel advanced the same argument at Gutierrez's sentencing hearing. However, the Court specifically rejected this argument, stating that it "was not going to depart and give credit for the time." (ECF No. 37 at 18). The Court sentenced Gutierrez to 77 months of imprisonment, with credit for time served while in custody for the federal offense, and a three-year, non-reporting term of supervised release. (ECF No. 31).

Assistant Federal Public Defender Kristin L. Davidson represented Gutierrez on appeal. As the sole issue on appeal, Gutierrez argued that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(1) is unconstitutional because the enhancement is based on facts neither alleged in his indictment nor proved to a jury beyond a reasonable doubt. *United States v. Gutierrez*, No. 21-50567, ECF No. 20 (5th Cir. 2021). Gutierrez acknowledged that his argument is foreclosed by existing precedent but raised the issue to preserve it for possible Supreme Court review. The Fifth Circuit Court of Appeals granted the Government's unopposed motion for summary affirmance asserting that the issue is foreclosed and affirmed the judgment of this Court. *Gutierrez*, No. 21-50567, ECF No. 40. The Supreme Court denied Gutierrez's petition for a writ of certiorari. *Gutierrez*, No. 21-50567, ECF No. 45.

Gutierrez timely filed the pending § 2255 Motion, asserting three grounds for relief. (ECF No. 41). The Government filed a Response in opposition thereto. (ECF No. 43). Gutierrez did not file a reply.

## APPLICABLE LAW

### 1.  § 2255 Standard

A federal defendant may move to vacate, set aside, or correct his sentence if: (1) the imposition of the sentence was in violation of the Constitution or the laws of the United States; (2) the District Court that imposed the sentence lacked jurisdiction; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Thus, § 2255 post-conviction relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete

miscarriage of justice. *See, e.g., United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996).

### 2. Procedural Default

Motions filed pursuant to § 2255 do "not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). In general, where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion to vacate under § 2255, only if the petitioner can first demonstrate either: (1) cause and prejudice, or (2) that he is actually innocent of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999).

### DISCUSSION

### 1. Ground One

In his first ground for relief, Gutierrez writes "§ 1326(a)" and "I was sentenced to 77 months for my 1st illegal re-entry." (ECF No. 41 at 4). Gutierrez does not provide any additional facts in support of Ground One, nor did he submit a separate memorandum setting forth legal arguments, as the § 2255 form petition instructs.

This unsupported claim fails to meet the § 2255 pleading standard because, in the absence of more specific allegations, the Court is left to guess what challenge Gutierrez is attempting raise. This claim is simply too vague to warrant relief. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (footnote and citation omitted) (Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition.).

Insofar as Gutierrez asserts that his 77-month sentence exceeds the two-year statutory maximum set forth in § 1326(a), this argument is procedurally barred because Gutierrez failed to

raise it on direct appeal, and he has failed to demonstrate cause and prejudice or that he is actually innocent of the crime for which he was convicted. Moreover, the argument is baseless because Gutierrez pleaded guilty to a violation of § 1326(b)(1), which provides for a ten-year statutory maximum sentence. Ultimately, the Court imposed a sentence well below the ten-year maximum and at the very bottom of the Guidelines range. Gutierrez has not offered any argument or evidence as to why such sentence was unreasonable, much less unconstitutional. The Fifth Circuit affirmed the judgment on appeal. Ground One is therefore denied.

### 2. Ground Two

In his second ground for relief, Gutierrez writes "1326b" and "federal judge enhanced my sentence although I did not have any felony charges or convictions." Although Gutierrez does not provide any additional factual allegations or argument in support of Ground Two, the Court understands Gutierrez to allege that this Court lacked a factual basis for enhancing his sentence under § 1326(b)(1).

This claim is also barred from review since Gutierrez did not raise this argument on direct appeal and has failed to meet the requisite standard to overcome procedural default. Moreover, this claim is baseless. In its Notice of Penalty Enhancement, the Government specifically identified Gutierrez's conviction for the "felony offense of Harassment of a Public Servant, which occurred on or about March 5, 2015, in Cause Number 5443, in the District Court, 216th Judicial District, Kendall County, Texas" as the basis for the enhancement. Gutierrez has proffered no evidence demonstrating that the prior conviction is insufficient to provide the basis for an enhancement under § 1326(b)(1). For these reasons, Ground Two is denied.

### 3.  Ground Three

In Ground Three, Gutierrez writes "3585(b)" and "I was arrested on 8-16-2018 and was incarcerated in state jail until 9-10-2020 and then was in US Marshalls custody until present. My enhancement was for state jail conviction of D.W.I. which I served from 8-16-2020 [to] 9-10-2020." (ECF No. 41 at 7). Although Gutierrez does not provide any additional factual allegations or argument in support of Ground Three, the Court believes Gutierrez to assert that the time he spent in state jail on the DWI charge should be credited to his federal sentence.[2]

Like his other grounds for relief, this claim is also procedurally defaulted because Gutierrez failed to raise it on direct appeal and has failed to allege any basis for overcoming the procedural default. Moreover, this claim is meritless because the Court did not run afoul of 18 U.S.C. § 3585(b) in arriving at Gutierrez's sentence. Section 3585(b), which governs calculations of time served in custody prior to sentencing, provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

As the Government points out in its Response, Gutierrez's time in state custody from August 2018 to September 2020 was for his 2018 state DWI conviction. He did not serve time in state custody for the same federal illegal reentry offense for which this Court sentenced him to 77

---

[2] In response to the question presented in paragraph #13 of the form § 2255 petition (whether there is any ground for relief that Gutierrez has not presented in federal court), Gutierrez wrote: "I should be credited with the jail time I served for the same conviction that was used to enhance my illegal reentry conviction sentence." (ECF No. 41 at 9). Additionally, Gutierrez filed two motions seeking credit for time served in state custody (ECF Nos. 39 & 40), which the Court denied.

months. Moreover, this particular DWI offense came prior to—not after—the illegal reentry offense that is the basis of his § 2255 Motion. (ECF No. 26 at ¶34). The Court squarely rejected this argument at sentencing. Accordingly, Ground Three is denied.

## EVIDENTIARY HEARING

An evidentiary hearing on a § 2255 motion is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *Cervantes*, 132 F.3d at 1110). Because the issues presented in this case can be resolved on the basis of the record, the Court finds an evidentiary hearing is not required.

## CONCLUSION

Gutierrez's claims are procedurally barred and meritless. Accordingly, the § 2255 Motion is denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the movant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where the Court rejects a movant's

constitutional claims on the merits, "the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

In this case, reasonable jurists could not debate the denial of Gutierrez's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

**IT IS ORDERED** that Movant Gustavo Guillermo Gutierrez's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DISMISSED AS MOOT**, and this case is now **CLOSED**.

**FINALLY**, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

**SIGNED this the 22nd day of May, 2023.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**